JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| USA ROOF MASTERS, LLC, as assignee of Theresa Marchesani, Emily Faherty, Rick | LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Suffolk
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony DiUlio, Wheeler, DiUlio & Barnabei, P.C., One Penn Center - Suite 1270, 1617 JFK Boulevard, Philadelphia, PA 19103 - (215) 568-2900

Attorneys *(If Known)*
Robert T. Grolnick, Bennett, Bricklin & Saltzburg LLC, Centre Square, West Tower, 1500 Market Street, 32nd Floor, Philadelphia, PA 19102 - (215) 561-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    Liability    Liability | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending    Product Liability |    Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 196 Franchise | ☐ 360 Other Personal   ☐ 380 Other Personal | ☐ 720 Labor/Management    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| |    Injury    Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury -   ☐ 385 Property Damage    Medical Malpractice    Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence    Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| ☐ 290 All Other Real Property |    Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other    Other   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |      ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, 1446

Brief description of cause:
Breach of contract and bad faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 10, 2022 | */s/ Robert T. Grolnick* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____3070 Bristol Pike, Building 2, Suite 214Bensalem, PA 19020_____

Address of Defendant: _____175 Berkeley Street, Boston, MA 02116_____

Place of Accident, Incident or Transaction: _____Various_____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____05/10/2022_____    _____/s/ Robert T. Grolnick_____    _____82173_____
                            *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
     *(Please specify):* _____

**B.**     *Diversity Jurisdiction Cases:*

☑ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify):* _____
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____    <span style="color:red">Sign here if applicable</span> _____    _____
                            *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| USA ROOF MASTERS, LLC, as assignee of | : | |
| Theresa Marchesani, Emily Faherty, Rick | : | |
| Lancaster, Lawrence and Bethann Wilkinson, | : | |
| Phillip Bray, Corky Savage, Jessica McCaughey, | : | |
| William Salmon, Barbara Zarilloo, Al and | : | |
| Deborah Principe, Jeff and Carol Fitch, Art | : | |
| Roundtree, Frank Vannoni, Vincent Genn, | : | |
| Stephen and Kathy Mace, John Mizii, John May, | : | |
| Karl Ackmann, John and Sharon Jenkins, John | : | |
| Walker, Gary Schofield, Danny and Angie | : | |
| Massam, Nicole Saylor, Keith Flynn, Cindy | : | |
| Bernier, Rich Schooley, Chris Scott | : | |
| | : | |
| vs. | : | No: |
| | : | |
| LIBERTY MUTUAL MID ATLANTIC | : | |
| INSURANCE COMPANY | : | |

## <u>NOTICE OF REMOVAL</u>

AND NOW, comes the defendant, Liberty Mutual Mid Atlantic Insurance Company ("Defendant"), for the purpose of filing a notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

1.    This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Case ID No. 220302975.

2.    The action was commenced by the filing of Civil Action Complaint on March 29, 2022. <u>See</u> plaintiff's Complaint, attached hereto as Exhibit "A".

3.    The Complaint was received by and served on Defendant on April 11, 2022.

4.    The averments made herein are true and correct with respect to the date on which the Complaint was filed and the date upon which this notice is being filed.

5.      This suit is of a civil nature and involves a controversy between citizens of different States.    Plaintiff is a citizen of the Commonwealth of Pennsylvania, with an address given as 3070 Bristol Pike, Building 2, Suite 214, Bensalem, PA 19020. Defendant is citizen of the state of Massachusetts with a principal place of business located at 175 Berkeley Street, Boston, MA 02116.   Complete diversity existed between the parties both at the time of the filing of the Complaint and at the time of the filing of this notice of removal.

6.      Defendant has, with the filing of this notice, given written notice to plaintiff's counsel.

7.      Defendant is also filing a copy of the notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

8.      Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania as the amount in controversy in this matter exceeds $75,000 based on the allegations contained in plaintiff's Complaint. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ vs. Defendant Mut. Auto. Ins. Co.*, 961 F.Supp. 808, 810 (E.D. Pa. 1997). The defendant must prove the amount in controversy by a preponderance of the evidence.

9.      In determining whether the jurisdictional amount has been satisfied, the Court must first look at the Complaint. *Angus vs. Shiley, Inc.*, 989 F.2d 142, 145 (3rd Circ. 1993).   The Court should make an independent appraisal of the claim and, after a generous reading of the Complaint, arrive at the reasonable value of the rights being litigated. This appraisal must include not only the reasonable value of potential compensatory damages, but the value of potential punitive damages

as well. *Feldman v. New York Life Ins. Co.*, 1998 U.S. Dist. LEXIS 2301, 1998 WL 94800 (E.D.Pa.1998).

10.    The underlying lawsuit as alleged in the Complaint arises out of Defendant's alleged failure to pay recoverable depreciation benefits under the subject insurance policies for claims to which plaintiff claims an assignment. See Exhibit "A."

11.    The Complaint asserts two causes of action against Defendant: one for Breach of Contract (Count I); and one for Statutory Bad Faith under 42 Pa.C.S.A. §8371 (Count II).    Id.

12.    Count I of the Complaint demands damages "in excess of $50,000.00" with interest and court costs on the Breach of Contract claim.    Id., at Count I, *Ad Damnum Clause.*

13.    In support of the Breach of Contract claim, the Complaint alleges unpaid damages totaling $83,382.09 on a contractual basis. See Exhibit "A".

14.    Count II of the Complaint demands damages provided for by 42 Pa.C.S.A. § 8371, i.e., punitive damages, attorney's fees and statutory interest.    Id. at Count II, ¶ 31.

15.    Count II of the Complaint also demands damages "in excess of $50,000.00". Id. at Count II, *Ad Damnum Clause.*

16.    Generally, claims brought by a plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. *C.D.Peacock, Inc. v. The Neiman Marcus Group, Inc.*, 1998 WL 111738 (E.D. Pa. 1998) citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) ("Aggregation has been permitted ... in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant...."); *Suber v. Chrysler* Corp., 104 F.3d 578, 588 (3d Cir.1997).

17.    In *Ketz v. Progressive Northern Ins. Co*., the court determined that a bad faith claim and a breach of contract claim are separate and distinct and can be aggregated to calculate the amount in controversy. *Ketz v. Progressive Northern Ins. Co*., 2007 WL 1726514 (M.D.Pa. 2007) (citing *C.D.Peacock, Inc*., Id.; *Suber v. Chrysler Corp*., 104 F.3d 578, 588 (3d Cir.1997)).

18.    Regarding Count II, the Complaint alleges that Defendant acted in bad faith pursuant to 42 Pa. C.S.A. §8371 and, accordingly, plaintiff seeks punitive damages, attorney's fees, costs and statutory interest.   See Exhibit "A", at Count II, ¶ 31.

19.    Where both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

20.    "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 2008 WL 2697774, 3 (3rd Cir. 2008) (citing to *Golden ex rel. Golden v. Golden*, 382 F.3d 348 (3rd Cir. 2004)).

21.    Although the claim of bad faith is disputed by Defendant, if plaintiff is able to sustain a finding of bad faith, it is not unreasonable to expect that a punitive damage award two or three times the amount in controversy, or beyond, could be rendered by the trier of fact.

22.    Moreover, attorney's fees must also be included in determining the amount in controversy. *Neff vs. General Motors Corp*., 163 F.R.D. 478, 482 (E.D. Pa. 1995).   It would not be unreasonable to expect that over the course of an approximate ten-month litigation of this matter attorneys' fees may total $40,000 or more.

23.    Given plaintiff's stated claims for breach of contract and statutory bad faith, the amount in controversy in this case is in excess of the $75,000 jurisdictional threshold for removal to the federal Court, in accordance with 28 § 1332(a).

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, hereby requests removal of this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:    _/s/ Robert T. Grolnick_____
ROBERT T. GROLNICK, ESQUIRE
Attorney I.D. No. 82173
DANIEL LENGEMAN
Attorney I.D. No. 330749
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300 – grolnick@bbs-law.com

**<u>AFFIDAVIT</u>**

I, <u>Robert T. Grolnick, Esquire</u>, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.


*/s/ Robert T. Grolnick*
ROBERT T. GROLNICK, ESQUIRE


DATE**:** <u>May 10, 2022</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| USA ROOF MASTERS, LLC, as assignee of | : | |
| Theresa Marchesani, Emily Faherty, Rick | : | |
| Lancaster, Lawrence and Bethann Wilkinson, | : | |
| Phillip Bray, Corky Savage, Jessica McCaughey, | : | |
| William Salmon, Barbara Zarilloo, Al and | : | |
| Deborah Principe, Jeff and Carol Fitch, Art | : | |
| Roundtree, Frank Vannoni, Vincent Genn, | : | |
| Stephen and Kathy Mace, John Mizii, John May, | : | |
| Karl Ackmann, John and Sharon Jenkins, John | : | |
| Walker, Gary Schofield, Danny and Angie | : | |
| Massam, Nicole Saylor, Keith Flynn, Cindy | : | |
| Bernier, Rich Schooley, Chris Scott | : | |
| | : | |
| vs. | : | No: |
| | : | |
| LIBERTY MUTUAL MID ATLANTIC | : | |
| INSURANCE COMPANY | : | |

### NOTICE TO PLAINTIFF

TO:    USA Roof Masters, LLC
       c/o Anthony DiUlio, Esquire
       Wheeler, DiUlio & Barnabei
       One Penn Center - Suite 1270
       1617 JFK Boulevard
       Philadelphia, PA 19103

Please take notice that defendant, Liberty Mutual Mid Atlantic Insurance Company, by and through its attorneys Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, 220302975, captioned USA Roof Masters, LLC, et al. v. Liberty Mutual Mid Atlantic Insurance Company.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:    */s/ Robert T. Grolnick*
      ROBERT T. GROLNICK, ESQUIRE
      Attorney I.D. No. 82173
      DANIEL LENGEMAN
      Attorney I.D. No. 330749
      Centre Square, West Tower
      1500 Market Street, 32nd Floor
      Philadelphia, PA 19102
      (215) 561-4300 – grolnick@bbs-law.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

USA ROOF MASTERS, LLC, as assignee of    :
Theresa Marchesani, Emily Faherty, Rick    :
Lancaster, Lawrence and Bethann Wilkinson,    :
Phillip Bray, Corky Savage, Jessica McCaughey,    :
William Salmon, Barbara Zarilloo, Al and    :
Deborah Principe, Jeff and Carol Fitch, Art    :
Roundtree, Frank Vannoni, Vincent Genn,    :
Stephen and Kathy Mace, John Mizii, John May,    :
Karl Ackmann, John and Sharon Jenkins, John    :
Walker, Gary Schofield, Danny and Angie    :
Massam, Nicole Saylor, Keith Flynn, Cindy    :
Bernier, Rich Schooley, Chris Scott    :
   :
         vs.    :    No:
   :
LIBERTY MUTUAL MID ATLANTIC    :
INSURANCE COMPANY    :

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA    :

COUNTY OF PHILADELPHIA    :

       Robert T. Grolnick, Esquire, being duly sworn according to law, deposes and says that he is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Liberty Mutual Mid Atlantic Insurance Company, and that he did direct the filing with the Prothonotary of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on May 10, 2022, by electronic filing.

Dated:  May 10, 2022          **BENNETT, BRICKLIN & SALTZBURG LLC**

                 BY:    */s/ Robert T. Grolnick*
                         ROBERT T. GROLNICK, ESQUIRE
                         Attorney I.D. No. 82173
                         DANIEL LENGEMAN
                         Attorney I.D. No. 330749
                         Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA ROOF MASTERS, LLC, as assignee of | : | |
| Theresa Marchesani, Emily Faherty, Rick | : | |
| Lancaster, Lawrence and Bethann Wilkinson, | : | |
| Phillip Bray, Corky Savage, Jessica McCaughey, | : | |
| William Salmon, Barbara Zarilloo, Al and | : | |
| Deborah Principe, Jeff and Carol Fitch, Art | : | |
| Roundtree, Frank Vannoni, Vincent Genn, | : | |
| Stephen and Kathy Mace, John Mizii, John May, | : | |
| Karl Ackmann, John and Sharon Jenkins, John | : | |
| Walker, Gary Schofield, Danny and Angie | : | |
| Massam, Nicole Saylor, Keith Flynn, Cindy | : | |
| Bernier, Rich Schooley, Chris Scott | : | |
| | : | |
| vs. | : | No: |
| | : | |
| LIBERTY MUTUAL MID ATLANTIC | : | |
| INSURANCE COMPANY | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | § | |
| COUNTY OF PHILADELPHIA | : | |

Robert T. Grolnick, Esquire, after being first duly sworn upon oath, deposes and says that

he is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant,

Liberty Mutual Mid Atlantic Insurance Company, and that he did serve this 10th day of May, 2022,

the aforementioned Notice to plaintiff upon the individual named below by electronic mail to:


TO:    USA Roof Masters, LLC
       c/o Anthony DiUlio, Esquire
       Wheeler, DiUlio & Barnabei
       One Penn Center - Suite 1270
       1617 JFK Boulevard
       Philadelphia, PA 19103

Dated:  <u>May 10, 2022</u>                          **BENNETT, BRICKLIN & SALTZBURG LLC**

                        BY:    <u>/s/ Robert T. Grolnick</u>
                               ROBERT T. GROLNICK, ESQUIRE
                               Attorney I.D. No. 82173
                               DANIEL LENGEMAN
                               Attorney I.D. No. 330749
                               Centre Square, West Tower
                               1500 Market Street, 32nd Floor
                               Philadelphia, PA 19102
                               (215) 561-4300 – grolnick@bbs-law.com

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH** 2022

**002975**

E-Filing Number: 2203063060

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| USA ROOF MASTERS, LLC AS ASSIGNEE FOR EMILY FAHERTY, ET. AL. | LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3070 BRISTOL PIKE, BUILDING 2 SUITE 214 BENSALEM PA 19020 | 175 BERKELEY STREET BOSTON PA 02116 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement ☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors ☒ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival ☐ Other: |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** MAR **29** 2022 **S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER? YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: USA ROOF MASTERS, LLC AS ASSIGNEE FOR EMILY FAHERTY, ET. AL.
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ANTHONY J. DIULIO | 1617 JFK BLVD SUITE 1270 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)568-2900 | (215)568-2901 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 312763 | adiulio@wdblegal.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ANTHONY DIULIO | Tuesday, March 29, 2022, 01:15 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

MAJOR CASE.
ASSESSMENT OF DAMAGES REQUIRED.
JURY TRIAL WAIVED.

*Filed and Attested by the*
*Office of Judicial Records*
*29 MAR 2022 01:15 pm*

Attorney for Plaintiff(s)

**WHEELER, DIULIO & BARNABEI, P.C.**
BY: Anthony DiUlio, Esquire
Attorney I.D. No.:
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: adiulio@wdblegal.com

| | |
|---|---|
| USA ROOF MASTERS, LLC, as assignee of Theresa Marchesani, Emily Faherty, Rick Lancaster, Lawrence and Bethann Wilkinson, Phillip Bray, Corky Savage, Jessica McCaughey, William Salmon, Barbara Zarilloo, Al and Deborah Principe, Jeff and Carol Fitch, Art Roundtree, Frank Vannoni, Vincent Genn, Stephen and Kathy Mace, John Mizii, John May, Karl Ackmann, John and Sharon Jenkins, John Walker, Gary Schofield, Danny and Angie Massam, Nicole Saylor, Keith Flynn, Cindy Bernier, Rich Schooley, Chris Scott 3070 Bristol Pike, Building 2, Suite 214 Bensalem, PA 19020 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY  MARCH TERM, 2022  DOCKET NO. |
| vs. | |
| LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY 175 Berkeley Street, Boston, MA 02116 | |

## CIVIL ACTION COMPLAINT (1C - Contract)

<table>
<tr><td>

**NOTICE**

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral Service
1101 Market St., 11th Floor
Philadelphia, PA 19107-2911
Telephone: 215-238-6333
Fax: 215-238-1159

</td><td>

**AVISO**

    Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

    LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

</td></tr>
</table>

MAJOR CASE.
ASSESSMENT OF DAMAGES REQUIRED.
JURY TRIAL WAIVED.

**WHEELER, DIULIO & BARNABEI, P.C.**
BY: Anthony DiUlio, Esquire                                      Attorney for Plaintiff(s)
Attorney I.D. No.:
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: adiulio@wdblegal.com

| | |
|---|---|
| USA ROOF MASTERS LLC, as assignee of Theresa Marchesani, Emily Faherty, Rick Lancaster, Lawrence and Bethann Wilkinson, Phillip Bray, Corky Savage, Jessica McCaughey, William Salmon, Barbara Zarilloo, Al and Deborah Principe, Jeff and Carol Fitch, Art Roundtree, Frank Vannoni, Vincent Genn, Stephen and Kathy Mace, John Mizii, John May, Karl Ackmann, John and Sharon Jenkins, John Walker, Gary Schofield, Danny and Angie Massam, Nicole Saylor, Keith Flynn, Cindy Bernier, Rich Schooley, Chris Scott 3070 Bristol Pike, Building 2, Suite 214 Bensalem, PA 19020 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| | DOCKET NO. |
| vs. | |
| LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY 175 Berkeley Street, Boston, MA 02116 | |

## CIVIL ACTION COMPLAINT (1C - Contract)

    1.     Plaintiff, USA Roof Masters, LLC, with a principal place of business at 3070

Bristol Pike, Building 2, Suite 214, Bensalem, PA 19020, as assignee of  multiple parties listed

in Exhibit "A" and name above, is a limited liability corporation which conducts roofing repairs

and replacements within the Commonwealth of Pennsylvania.

    2.     Defendant, Liberty Mutual Mid Atlantic Insurance Company ("Defendant"), is a

corporation duly organized and existing which is authorized to conduct business as an insurance

company within the Commonwealth of Pennsylvania and maintains a place of business for that

purpose at the address set forth above and regularly issues policies of insurance within the City

and County of Philadelphia.

Case ID: 220302975

3.      Defendant, in its regular course of business, issued to each of the parties in Exhibit "A" and named above policies of insurance ("the Policies") covering their properties. Copies of the Policies are not in USA Roof Masters' possession, but copies of the same are believed to be in Defendant's care, custody and control.

4.      On or about July 6, 2020, while the Policies were in full force and effect, each of the parties listed in Exhibit "A" and listed above suffered direct physical loss and damage to the insured properties believed to be the result of a peril insured against under the Policies, resulting in damage to the insured premises.

5.      Through its regular course of business, USA Roof Masters was assigned benefits under the Policies by each of the parties listed in Exhibit "A" and named above.

6.      Notices of these covered losses were given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all the terms and conditions required by the Policies.

7.      Defendant accepted coverage for each of these claims.

8.      Defendant agreed to a replacement cost for each of the referenced properties.

9.      Defendant, in accordance with the Policies, withheld depreciation and made an actual cash value payment for each loss.

10.     In accordance with the policies, the recoverable depreciation is owed once the cost is incurred.

11.     For each property, Plaintiff completed repairs to the properties, thus incurring the cost associated with those repairs.

12.     Demand for the recoverable depreciation was made to Defendant.

13.     However, Defendant refused to release payments for the recoverable depreciation from these losses.

14.     USA Roof Masters has completed all of the work necessary to restore the properties to their pre-loss conditions, in accordance with the Policies.

Case ID: 220302975

15.    The Policies contain a suit limitation provision that states as follows:

> **8. Suit Against Us.** No action can be brought
> unless the policy provisions have been
> complied with and the action is started within
> one year after the date of loss.

16.    The Policies contain no time restriction for when the carrier must release recoverable depreciation.

17.    Defendant's refusal to release the owed recoverable depreciation did not occur until after the suit limitations period found in the Policies based on the Date of Loss.

18.    The Policies contain no time restriction for when Plaintiff must demand release of the recoverable depreciation.

19.    As Defendant did not breach its duties under the Policies until after the Date of Loss, the suit limitations period does not apply in this instant matter, and this suit is still timely and proper.

20.    Defendant, despite demands for benefits under the Policies, has refused, without legal justification or cause, and continues to refuse, to pay to USA Roof Masters monies owed for the recoverable depreciation resulting from the covered losses.

21.    Solely as a result of Defendant's failure and refusal to pay benefits to USA Roof Masters as required under the Policies, USA Roof Masters has suffered loss and damage in an amount in excess of $50,000.00.

## COUNT I
### In Assumpsit - Breach of Contract

22.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

23.    Defendant is obligated by the terms of the contract, and assignment of benefits to Plaintiff, to indemnify Plaintiff's loss.

24.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy

Case ID: 220302975

benefits to which Plaintiff is entitled under the Policies and assignment of benefits and has refused to provide funds sufficient for the work done by Plaintiff to bring the properties to pre-loss condition.

25.     Defendant's refusal to release the value of the recoverable depreciation was made without a reasonable basis in fact.

26.     Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contracts.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

## COUNT II
### In Trespass - 42 Pa.C.S.A. §8371

27.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

28.     Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

29.     All bad faith conduct occurred after the assignment of benefits to Plaintiff and thus the bad faith conduct was directly between Plaintiff and Defendant.

30.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, including but not limited to Mark Walsh, Tomiko Johnson, Deborah Cutchshaw, Haylie Gorgo, and Andrew Mild, has engaged in the following conduct:

a.     by sending correspondence falsely representing that Plaintiff's losses caused by a peril insured against under the Policies were not entitled to benefits due and owing under the Policies;

b.     in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policies;

Case ID: 220302975

c.       in failing to pay Plaintiff's covered loss, specifically the value of recoverable depreciation, in a prompt and timely manner;

d.       in failing to objectively and fairly evaluate Plaintiff's claims of recoverable depreciation costs;

e.       in asserting policy defenses without a reasonable basis in fact;

f.       in failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claims;

g.       in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

h.       in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim of recoverable depreciation costs;

i.       in unreasonably withholding policy benefits, specifically the recoverable depreciation of a covered loss;

j.       in acting unreasonably and unfairly in response to Plaintiff's claim of recoverable depreciation of a covered loss, despite Plaintiff providing all necessary documentation pursuant to the Policies;

k.       in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

31.     For the reasons set forth above, Defendant has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted  by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

WHEELER DIULIO & BARNABEI, P.C.


BY:     */s/ Anthony DiUlio*
        ANTHONY DIULIO, ESQUIRE
        Attorney for Plaintiff(s)

Case ID: 220302975

## <u>VERIFICATION</u>

I, Anthony DiUlio, counsel for Plaintiff, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

WHEELER DIULIO & BARNABEI, P.C.

BY:    _/s/ Anthony DiUlio_____
ANTHONY DIULIO, ESQUIRE
Attorney for Plaintiff(s)

Case ID: 220302975

# Exhibit "A"

Case ID: 220302975

| Date of Loss | Address | Homeowner | Depreciation |
|---|---|---|---|
| July 6th, 2020 | 3182 Drexel Ave, Bensalem | Theresa Marchesani | $1,595.17 |
| July 6th, 2020 | 55 Grapevine Rd, Levittown | Emily Faherty | $3,494.53 |
| July 6th, 2020 | 533 Stanford Rd, Levittown | Rick Lancaster | $2,849.67 |
| July 6th, 2020 | 39 Candytuft Rd, Levittown | Lawrence & Bethann Wilkinson | $4,237.73 |
| July 6th, 2020 | 1 Orchid Lane, Levittown | Phillip Bray | $2,076.73 |
| July 6th, 2020 | 405 Welsford Road | Corky Savage | $2,783.75 |
| July 6th, 2020 | 9 Copper Beach lane | Jessica Mccaughey | $1,822.62 |
| July 6th, 2020 | 431 Stanford Rd, Fairless Hills | William Salmon | $2,916.55 |
| July 6th, 2020 | 46 Green Meadow Dr, Langhorne | Barbara Zarrillo | $4,396.33 |
| July 6th, 2020 | 12 Green Meadow Dr, Langhorne | Al & Deborah Principe | $1,475.71 |
| July 6th, 2020 | 469 Stanford Rd, Fairless Hills | Jeff & Carol Ffitch | $3,574.63 |
| July 6th, 2020 | 114 Juniper Dr, Levittown | Art Roundtree | $4,318.78 |
| July 6th, 2020 | 2 Grenlyne Drive, Grenloch | Frank Vannoni | $2,379.56 |
| July 6th, 2020 | 446 Stanford Rd, Fairless Hills | Vincent Genn | $4,335.93 |
| July 6th, 2020 | 72 Nearwood , Levittown | Stephen & Kathy Mace | $2,191.51 |
| July 6th, 2020 | 420 Picket Post Ln, Phoenixville | John Mizii | $10,446.11 |
| July 6th, 2020 | 15 Pine Needle Rd, Levittown | John May | $3,032.81 |
| July 6th, 2020 | 402 Berkshire | Karl Ackermann | $2,570.11 |
| July 6th, 2020 | 5 Cleft Rock | Jonh & Sharon Jenkins | $3,139.98 |
| July 6th, 2020 | 20 Quaker Hill rd | John Walker | $425.28 |
| July 6th, 2020 | 216 Quincy Drive | Gary Schofield | $2,515.24 |
| July 6th, 2020 | 7 Edgemont | Danny & Angie Massam | $4,661.37 |
| July 6th, 2020 | 39 cactus | Nicole Saylor | $2,383.10 |
| July 6th, 2020 | 18 Mintleaf rd | Keith Flynn | $1,388.30 |
| July 6th, 2020 | 231 Austin Drive | Cindy Bernier | $4,129.45 |
| July 6th, 2020 | 222 Quincy Drive | Rich Schooley | $1,001.71 |
| July 6th, 2020 | 755 Harding Avenue | Chris Scott | $3,239.43 |