IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA ROOF MASTERS, LLC, as assignee of Theresa Marchesani, et al., | : : : | |
| Plaintiff, | : : | Civil Action |
| v. | : : | No. 22-1813 |
| LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY, | : : : : | |
| Defendant. | : | |

**MEMORANDUM**

**J. Younge**                                                                                                                        **February 29, 2024**

**I.      INTRODUCTION**

Currently before this Court is Defendant Liberty Mutual Mid Atlantic Insurance Company's Motion for Summary Judgment.  (ECF No. 25.)[1]  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, this Motion is Denied.

**II.     FACTUAL BACKGROUND**

Plaintiff USA Roof Masters, LLC, is a corporation that conducts roofing repairs and is the assignee of the insureds in twenty-seven insurance claims.  (Complaint ¶ 1, ECF No. 1, pp. 15-26.)  Following damage to the assignors' properties in July of 2020, Plaintiff was assigned benefits under the assignors' insurance policies (hereinafter "Policies"), under which the assignors' damages claims had been approved with coverage for the replacement cost of those

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

properties.  (Complaint ¶¶ 3-8.)  Plaintiff incurred costs restoring these properties to their previous condition.  (Complaint ¶¶ 10-14.)

Defendant Liberty Mutual Mid Atlantic Insurance Company (hereinafter "Liberty Mutual") is itself an insurer but also identified as the parent company to other Liberty Mutual insurance companies.  (Complaint ¶ 2; Plaintiff's Response, ECF No. 26.)  Twenty-six of the twenty-seven relevant insurance policies had been issued by either Liberty Insurance Corporation, Liberty Mutual Personal Insurance Company, LM Insurance Corporation, Liberty Mutual Fire Insurance Company, or Safeco Insurance Company of Illinois, all of which use essentially uniform Liberty Mutual policies.  (Defendant's Statement of Undisputed Material Facts (hereinafter "SUMF") ¶¶ 8-11; Plaintiff's Response ¶¶ 9-21, ECF No. 26; Policies, ECF No. 19, pp. 19-1381.)  Each of these policies includes a suit limitation provision that states that: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."  *See* Policies, ECF No. 19, pp. 19-1381.  After being assigned benefits under these policies, Plaintiff communicated solely with representatives of Liberty Mutual regarding the outstanding depreciation payments, with the majority of those communications being with the same representative, who received emails regarding these claims at mark.walsh@libertymutual.com.  *See* ECF No. 26, pp. 57-65, 177-187, & 200-203.  Liberty Mutual's refusal to pay the recoverable depreciation payments allegedly owed occurred more than a year after the July 2020 roofing damage.  (Complaint ¶ 17, ECF No. 1, pp. 15-26.)

Plaintiff filed its Complaint in state court on March 29, 2022, alleging breach of contract and bad faith conduct in Defendant's refusal to pay the allegedly owed recoverable depreciation after Plaintiff incurred costs in repairing the properties of the assignees.  (Complaint, ECF No. 1, pp. 15-26.)  This case was removed to federal court on May 10, 2022, pursuant to 28 U.S.C. §§

1332(a) and 1441. *See* ECF No. 1. On February 5, 2024, Defendant filed its Motion for Summary Judgment, arguing that the Complaint was barred by the policies' suit limitation provision, that the Complaint must be dismissed for failure to join necessary parties – these other Liberty Mutual entities that hold some of the relevant policies – pursuant to Federal Rule of Civil Procedure 19, and that Plaintiff has failed to adequately support its claim of bad faith conduct. *See* ECF No. 25.

### III.   LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law". *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a

genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

### A.   **Defendant Has Not Met Its Burden in Showing That the Absent Subsidiaries Are Necessary Parties.**

Genuine issues of material fact exist as to whether other Liberty Mutual entities are necessary parties such that complete relief among the parties cannot be accorded without them. Joinder is an issue of federal law in diversity cases, but state law may help determine the interests of the parties. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22 (1968); *Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 937 (3d Cir. 1994). A party is considered a necessary party under Rule 19, and their joinder is compulsory "if feasible," if (1) complete relief cannot be accorded among the existing parties without them or (2) they claim an interest in the action and either nonjoinder would impede their ability to protect that interest or leave existing parties with a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). Defendant has

4

not met its burden at this stage in showing that the absent subsidiaries are necessary parties to resolving this action.

The court's ability to provide complete relief is based on the parties already named in the action and without consideration as to the effect a decision may have on absent parties. *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996). Where liability is joint and several among multiple parties, complete relief may be granted with respect to any one of them if named in the suit. *Janney Montgomery Scott v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). When considering whether absent insurers are necessary parties to an action, Pennsylvania law states that, "once multiple policies have been triggered for an indivisible loss . . . the insured is 'free to select the policy or policies under which it is to be indemnified,'" without alteration to the rules of contribution or other provisions of the applicable insurance policies. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007) (quoting *J.H. France Refractories Co. v. Allstate Ins. Co.*, 626 A.2d 502, 508 (Pa. 1993)). However, absent insurers may be considered necessary parties where the potential liability of named insurer parties is contingent upon a determination of the absent insurers' liability. *See Koppers Co., Inc. v. Aetna Casualty and Surety Co.*, 158 F.3d 170, 176 (3d Cir. 1998) (finding that the named insurer party's liability was independent of the absent insurer's and so the absent insurer was not a necessary party).

If the absent party is necessary and joinder is not feasible, the court must then determine whether the party is indispensable under Rule 19(b), which would mandate dismissal of the case. Fed. R. Civ. P. 19(b). Joinder of a necessary party is not feasible if it would divest the court of subject matter jurisdiction. *General Refractories*, 500 F.3d at 319. In determining whether a necessary party is also indispensable to the action such that the case must be dismissed if their

joinder is not feasible, the court must consider "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by . . . protective provisions in the judgment[,] shaping the relief[, or] other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). While pursuit of a claim for contribution or indemnification is a less convenient remedy for a defendant, that inconvenience does not render an absent insurer indispensable. *Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635, 642 (3d Cir. 1998).

Absent subsidiaries may still be necessary parties to an action even if the parent company is already a party. In *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, the court considered whether foreign subsidiaries were indispensable parties to a case filed against its parent company where the plaintiffs had primarily interacted with the absent subsidiaries. 201 F.R.D. 337 (D. Del. 2001), *aff'd*, 65 F. App'x 803 (3d Cir. 2003). There, the court found, and the Third Circuit affirmed, that the absent subsidiaries were indispensable because "when a plaintiff seeks to hold a parent company liable for the conduct of the parent's subsidiary, the subsidiary is a necessary and indispensable party under Rule 19." *Id.* at 340. The court did not agree with plaintiffs' argument that the defendant parent company could be held vicariously liable for the actions of its absent subsidiaries because they had failed to allege that there was a principal-agent relationship between the parties. *Id.* at 341 n. 4. As such, because the court lacked personal jurisdiction over the absent subsidiaries and those subsidiaries were indispensable parties, the case was dismissed pursuant to Rule 19. *Id.* at 341; *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("a parent corporation . . . is not liable for the acts of its subsidiaries"). Here, however, this case can

be distinguished from *Jurimex* because, rather than seeking to hold an uninvolved parent company vicariously liable for its subsidiaries' conduct, what is alleged here is that Liberty Mutual issued the policies (which are uniform across its subsidiaries), was the entity that Plaintiff communicated with regarding coverage and outstanding payments, and itself defended against claims that it breached the policies.

 Notwithstanding their engaged participation in this litigation and the fact that all parties have been in possession of the relevant insurance policies since December 14, 2022, when Defendant's Answer was filed, neither party has sought to join these subsidiaries.  The Court is skeptical of Defendant's late-stage assertion that complete relief cannot be accorded to Plaintiff without the addition of these subsidiaries to this action, which Defendant has the burden of proving to support its motion.  As an initial matter, Defendant appears to recognize its own ability to resolve this matter and thereby accord relief among all of the involved parties:  in its own Motion for Summary Judgment, which relies partially on the argument that the court cannot, in fact, accord complete relief between the joined parties, Defendant states that "Defendant was willing to pay the recoverable depreciation in [the claims it agrees are unresolved]" but that "Defendant never received the required proof of repair or replacement" that it says it needed, in accordance with the policies' loss settlement provisions, to resolve the recoverable depreciation issue.  (SUMF ¶¶ 27-29, ECF No. 25-1.)  Beyond that, Defendant is intimately involved in the alleged underlying facts of this case, from issuing, and maintaining the uniformity of, the policies allegedly breached to being the point-of-contact, through its agents, for Plaintiff to communicate with regarding the recoverable depreciation benefits at issue.  While this Court would not categorize a late-stage joinder issue as a mere 'technicality,' it remains that Defendant's involvement in the underlying facts of the claims raises, at least, a dispute as to

7

whether these absent subsidiaries are actually necessary to this action. Defendant has not met its burden in showing that they are and, as such, this Court does not agree that Rule 19 requires dismissal of this action.

      B.      **The Policies' Suit Limitation Provisions Should Not Bar This Suit**.

Whether Defendant subsequently breached its agreement with Plaintiff after approving coverage for the losses incurred in July of 2020 is an issue of fact that precludes summary judgment. A policy limitation period based on a date of loss "runs from the date of the occurrence of the destructive event or casualty insured against." *Petraglia v. American Motorists Insurance Co.*, 424 A.2d 1360, 1362 (Pa. Super. 1981). Defendant argues that the suit limitation provision included in each of the policies, which requires that suit be brought within one year of the date of loss, bars this suit based on Defendant's denial of recoverable depreciation payments more than a year after the physical damage. *See* Motion for Summary Judgment, ECF No. 25.

This suit limitation provision does not prevent Plaintiff from bringing suit for breaches of contract occurring after the limitation period has ended. Plaintiffs cannot sue for breach of contract without a cause of action. This case is distinct from *Petraglia v. American Motorists Insurance Company*, where the court upheld the application of a suit limitation provision to bar a claim against an insurer where the plaintiff waited twenty months, well beyond a finite extension granted by the insurer, to submit proof of destroyed property, because, here, the dispute is not about the initial coverage decision but about outstanding payments that would only be decided on after the repairs had been made. 284 Pa. Super. at 3-4, 8-9; SUMF ¶ 15, ECF No. 25-1. While suit limitation provisions are permissible, to hold that they somehow immunize an insurance company from subsequent breaches of contract simply because the original date of loss

was more than a year prior would be nonsensical. There was no potential cause of action against Defendant until the refusal to pay the recoverable depreciation allegedly owed to Plaintiff. Even if the date of loss would be properly measured from July 2020 in this case, Defendant's approval of coverage, which includes the payment of recoverable depreciation should certain conditions be met, is sufficient to estop the use of this suit limitation provision to bar suit for this subsequent dispute. *Novelty Knitting Mills v. Siskind*, 457 A.2d 502, 503 (1983) ("Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect"). As such, the Court finds that the suit limitation provisions included in the policies do not bar suit for this alleged breach.

    C.    **There Are Genuine Issues of Material Fact as to Whether Defendant Withheld Recoverable Depreciation Benefits and Whether Such Withholding Was Reasonable.**

Whether Plaintiff was entitled, and properly evidenced that entitlement, to recoverable depreciation from Defendant is a genuine issue of fact that precludes summary judgment as to Plaintiff's bad faith claim. Bad faith conduct under Pennsylvania law can be shown where the defendant "did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis for denying the claim." *Terletsky v. Prudential Property and Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994). Conduct "import[ing] a dishonest purpose and mean[ing] a breach of a known duty . . . through some motive of self-interest or ill will" may be considered bad faith, though "mere negligence or bad judgment is not." *Id*. Where an insurer acts in bad faith towards an insured, the court may award interest on the amount of the claim, award punitive damages, and assess attorneys' fees against the insurer. 42 Pa. C.S. § 8371. Here, where the parties dispute whether Plaintiff provided sufficient evidence of completed repairs for the payment of recoverable depreciation,

9

there remains a genuine dispute of material fact as to whether refusal to pay such recoverable depreciation was reasonable. Thus, granting summary judgment on Plaintiff's bad faith claims is unwarranted.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**